IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02857-MSK-KLM

PHILLIP HEATH, an individual,

    Plaintiff,

v.

JOHN DOES 1-5,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to Take Immediate Discovery** [Docket No. 4; Filed November 4, 2012] (the "Motion"). Plaintiff requests leave to serve subpoenas on third parties Facebook, Inc., and Google, Inc., in order to learn Defendants' identities. According to Plaintiff, "Defendants are an unknown person or persons who have created websites and social media profiles impersonating Plaintiff." [#4] at 1. Through the subpoenas, Plaintiff intends to obtain the "identity and/or the IP address or addresses of the users responsible for creating the imposter websites and social media profiles." *Id.* Plaintiff contends that if he is only able to obtain the IP addresses, he intends to further subpoena the internet service providers to determine the Defendants' identities. *Id.*

In this action, Plaintiff, a professional bodybuilder and the current "Mr. Olympia," alleges that over the past few months he has learned about numerous Internet sites, blogs, Facebook profiles and Twitter profiles that purport to be controlled by Plaintiff but are not.

[#1] at 1-2.  He alleges seven claims for relief including trademark infringement, trademark dilution, false designation of origin, cybersquatting, invasion of privacy by appropriation, deceptive trade practice - unfair competition, and intentional interference with contractual relations.  *Id.* at 3-8.

While a party ordinarily may not seek discovery prior to conferring with all other parties, Fed. R. Civ. P. 26(d)(1), the Court may allow expedited discovery on a showing of good cause.  *Qwest Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).  "Courts have found good cause for expedited discovery when physical evidence may be destroyed with the passage of time, in cases involving claims of infringement and unfair competition, and where the party requesting discovery seeks a preliminary injunction."  *Kabyesiza v. Rodriguez*, No. 10-cv-00216-MSK-KLM, 2010 WL 3923093, at *3 (D. Colo. Oct. 1, 2010) (unreported decision) (citations omitted).  "In internet infringement cases, courts routinely find good cause exists to [permit issuance of] a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference."  *UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008) (unreported decision) (citations omitted).

In this case, the Court finds that Plaintiff has demonstrated good cause for allowing expedited discovery for the limited purpose of identifying Defendants.  According to Plaintiff's allegations, unknown individuals or entities have established websites that claim to be operated by Plaintiff.  Without the issuance of subpoenas at this stage, Plaintiff would have no other means of identifying Defendants.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#4] is **GRANTED**.

IT IS FURTHER **ORDERED** that Plaintiff may serve subpoenas pursuant to Fed R. Civ. P. 45 on Facebook, Inc., and Google, Inc, both Delaware corporations with their principal executive offices in California.  Such subpoenas may require the production of only the following information: the true names, addresses, telephone numbers, and e-mail addresses associated with the Facebook profiles and Google user accounts involved in the alleged imposter websites identified in the Verified Complaint [#1] at 2.

IT IS FURTHER **ORDERED** that a copy of this Order must be served along with any subpoena issued pursuant to it.

IT IS FURTHER **ORDERED** that the entities served with a subpoena issued pursuant to this Order shall have fourteen (14) days to file a motion seeking to quash the subpoena.  Accordingly, any subpoena served pursuant to this Order must specify that the recipient entity has at least fifteen (15) days to respond with the required information.

IT IS FURTHER **ORDERED** that any information disclosed to Plaintiff in response to a subpoena issued pursuant to this Order may be used by Plaintiff solely for the purpose of protecting his rights under the claims for relief set forth in the Verified Complaint [# 1].

Dated:  November 7, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge